In Re: Gerald and Lieta Forbes    )    Case No. 12-10645
       Debtor(s)    )    Chapter 13

## Chapter 13 Plan

**NOW COME**, the Debtor(s), by and through their attorney, Kathleen Walls, Esq., hereby propose the following Chapter 13 Plan:

1. **Payment Summary**

   | | |
   |---|---|
   | Plan Term | 60 |
   | Monthly Plan Payment | 1,487.68 |
   | Total to be Paid to the Chapter 13 Trustee | 89,260.89 |
   | Total to be Paid to Priority Claims | 0 |
   | Total Principal to be Paid to Secured Claims (other than mortgage) | 1766.55 |
   | Total Interest to be Paid to Secured Claims (other than mortgage) | 185.47 |
   | Total pre-petition Mortgage Arrears | $2,521.78 |
   | Total Administrative Arrearage | 2,521.78 |
   | Total regular post-petition Conduit Payments | 75,653.40 |
   | Trustee's Percentage Fee | 6,611.91 |
   | Total to be Paid to Unsecured Creditors | 0 |
   | Percentage to Unsecured Creditors | 0 |

2. Disbursements to Creditors:

   a. **Class 1 - Priority Claims**

   1. Kathleen Walls shall be paid $2,500.00 in 60 installments of 41.66 each prior to any other claims being paid (other than conduit mortgage payments).
   2. Jan Sensenich shall receive 8% of all funds to be paid through the plan, or $6,511.04.

   b. **Class 2 - Conduit Mortgage Claims**:

Monthly mortgage payments due after the date of the filing of this case are included in this plan and shall be made by the Trustee pursuant to the terms of Standing Order No. 10-2 In addition to the pre-petition mortgage arrearage stated below, this plan includes a two month administrative arrearage which consists of the first two monthly mortgage payments which would otherwise be due for the two months immediately following the date of the filing of this case. Pursuant to Standing Order 10-2, the administrative arrearage shall compensate the mortgage creditor for those two months payments which would normally be due within the first two payment due dates after the date the bankruptcy case is filed, and the first regular monthly conduit mortgage payment from the Trustee shall be due by the time the third regular mortgage payment is due after the filing of this bankruptcy case. The table below shows the amount of the regular monthly mortgage payments to be made by the Trustee under the plan, subject to any adjustments which may be made during the course of the plan, the date of the month when each post-petition payment is due, not including any applicable grace period, and both the pre-petition and administrative arrearage. In the event that any mortgage creditor listed below files a proof of claim indicating a higher pre-petition arrearage than stated below, the Debtor shall promptly file either a motion to modify the plan so that the mortgage arrearage amount stated below equals the arrearage amount stated in the proof of claim, or an objection to claim.

| Creditor | Monthly Payment | Due Date | Interest Rate | Variable or Fixed | Pre-petition Arrearage | Administrative Arrearage | Total Monthly Payments in Plan |
|---|---|---|---|---|---|---|---|
| Beneficial | 1,260.89 | | | | $2,521.78 | $2,521.78 | 75,653.40 |

  c. **Class 3 - Other Secured Claims**: Secured claimants shall retain their liens on the collateral until the claims are paid in full.

| Creditor | Collateral | Value | Arrears/Claim | % | Interest | Total |
|---|---|---|---|---|---|---|
| Credit Acceptance | Dodge Ram | 3,050.00 | **1,766.55** | 4 | $185.47 | **$1,952.02 In equal monthly installments of 32.53 each** |

The Debtor intends to surrender the following collateral:
Creditor        Collateral
.

  d. **Class 4 - Unsecured Claims**: Allowed, non-priority unsecured claims shall be paid a total dividend of **$0** to be distributed pro-rata. In the event that the creditors in this case file claims in the amounts scheduled in the petition, and those claims are allowed for the scheduled amounts, the percentage dividend will be approximately %. In the event that the total of the allowed claims are less than the total of the scheduled claims the actual percentage dividend will be higher. In the event that the allowed claims are greater than the scheduled amounts the actual dividend will be lower. In order to determine the actual amount of the percentage dividend to be paid to unsecured creditors, you may contact the Chapter 13 Trustee after the claims bar date in this case has passed.

4. The Debtors hereby assume all leases and contracts**.**

5. **LIEN RELEASE**: To the extent that the Secured Creditor's claim has been paid in full in accordance with 11 U.S.C. §1325 (a)(5)(B) during the pendency of this case, the creditor holding such claim shall promptly mark any lien securing such claim as satisfied in the appropriate public records and return any certificate of title to the Debtor.
.

6. **MORTGAGE AND AUTO PAYMENTS AND STATEMENTS**:

 If the Debtor is not making conduit mortgage payments, the Debtor intends to make regular monthly mortgage and auto payments outside the plan and the lenders shall continue to send the Debtor regular monthly statements as well as any annual statements that the Debtor is entitled to as a regular course in Compliance with Standing Order #07-07. The lenders shall also permit the Debtor to have access to the account as if this bankruptcy had not been filed. The statement provided shall be accurate and reflect all payments due and owing post petition. No other attorney's fees costs incurred by the creditor or servicer during this chapter 13 case and asserted to be due on the Debtor's account may be collected or charged to the Debtor during the case or after entry of discharge except as permitted by this plan or by the Court after notice and a hearing.

 Payments received by the creditor from the Debtor shall be applied and credited to the Debtor's mortgage account as if the account were current and no pre-petition default existed on the petition date in the order of priority specified in the note and security agreement. If these post-petition installment payments are made in a timely manner in accordance with the note, they shall be applied and credited without penalty.

7. Confirmation of this plan shall constitute a finding in accordance with 11 U.S.C. § 1322 that there is cause for extending the plan beyond three years. Confirmation shall also constitute approval of such extension. Such extension is essential to the success of the plan. Without it the plan would fail and no claims would be paid in full.

8. The title to the property of the estate shall revest in the Debtors upon termination of this plan, and the Debtors shall have sole right to use and possession thereof during the pendency of this case.

9. Confirmation of this plan shall constitute a finding and order that due to the Debtors' low income, the trustee's fee should not exceed 10% of each monthly payment, even if that amount is less than $5.00 per month.

10. Upon completion of this plan, all debts listed in the Debtors' schedules or provided for by this plan, except those excepted by 11 U.S.C. § 1328(a) shall be discharged.

11. If prior to the expiration of term of this plan all filed claims entitled to payment under this plan are paid in full, this plan shall terminate on that date.

12. The Debtors and Trustee hereby reserve the right to object to any claim which is filed after confirmation of this Plan.

13. Liquidation analysis:

| | |
|---|---|
| Property of the estate | 201,350.00 |
| Secured claims | 137,688.10 |
| Exempt property | 142,950.00 |
| Non-exempt equity | 0 |
| Priority claims | 0 |
| Estimated Chapter 7 Administrative Expenses | 0 |
| Estimated allowed unsecured claims | 82,163.90 |
| Available to chapter 7 creditors | 0 |
| Estimated dividend to general unsecured creditors | 0 |

14. The term of this plan is consistent with the minimum commitment period required by the means test and B22C filed in this case.
15. The Debtor will be able to make all the payments required under the plan and comply with the terms of the plan.
16. The Debtor has filed this plan in good faith.
17. The Debtor will have filed all applicable State, Federal and Local tax returns by confirmation as required by 1308.

Dated at Middlebury, Vermont August 16, 2012.
/s/ Kathleen Walls
Kathleen Walls, Esq.
Attorney for the Debtors
P.O. Box 793
Middlebury, Vermont 05753
(802) 388-1156
Fax (802) 388-6801
Fed Bar ID No 000662250